FILED '23 10 10 PM01:19 MDGA-ALB

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| **REANNA M JOHNSON**<br>**Plaintiff,**<br><br>**v.**<br><br>**TRUEACCORD CORP.**<br>**Defendant,** | ) **JURY TRIAL DEMANDED**<br>)<br>)<br>) Case No.  /.'23-CV-177<br>)<br>)<br>)<br>)<br>) |

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

Plaintiff REANNA M JOHNSON as and for her complaint respectfully alleges:

### I.    INTRODUCTION

1.    This is an action brought by Plaintiff REANNA M JOHNSON, an individual consumer, seeking actual, statutory damages, and costs against Defendant TRUEACCORD CORP (hereinafter "True Accord") for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.    JURISDICTION AND VENUE

2.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 because the complaint alleges a federal claim and requires the resolution of substantial questions of

1

federal law. Venue is proper in that the Defendant transacts business in Bainbridge, Georgia and the conduct complained of occurred in Bainbridge, Georgia.

### III.    PARTIES

3.    Plaintiff REANNA M JOHNSON is a natural person residing in Bainbridge, Decatur County, Georgia. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. §1692a(3).

4.    Upon information and belief, Defendant True Accord has a principal place of business that is located at 16011 College Boulevard, Suite 130, Lenexa, KS 66219 and is authorized to do business in the State of Georgia, and the conduct complained of occurred in Bainbridge, Georgia.

5.    Defendant True Accord. is engaged in the collection of debt from consumers using the mails and telephone. Defendant regularly attempts to collect consumers' debts alleged to be due to another. The alleged debt arose from a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt as that term is defined by 15 U.S.C. §1692a(5).

### IV.    FACTS OF THE COMPLAINT

7.    Defendant True Accord, is a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6).

8.    On or about September 5th, 2023, at 1:59pm, Plaintiff received a text from Defendant True Accord stating it was attempting to collect a debt.

9.    On or about September 25th, 2023 at 9:38pm, Plaintiff sent communication via text saying, "I refuse to pay the debt". Pursuant to 15 § U.S.C 1692c(c) once a consumer sends

communication to a debt collector that the consumer refuses to pay to pay a debt, the debt collector must cease all communications.

10.      On or about September 25th, 2023 at 4:35pm, Plaintiff received an email from Defendant True Accord employee Joseph Jefferson stating that it was attempting to collect a debt. This was an illegal contact by the Defendant True Accord after the Plaintiff sent communication on 9/25/23 stating that they refused to pay the debt. The email which is a violation pursuant to 15 § U.S.C 1692c(c). Violations thereto are documented by emails captured that are in the possession of Plaintiff.

11.      On or about September 25th, 2023 at 10:20pm and 10:30pm, Plaintiff received a text from Defendant True Accord stating that it was attempting to collect a debt. This was another illegal contact by Defendant True Accord after the Plaintiff sent communication via text stating that they refused to pay the debt. This communication was also outside the mandated time that a debt collector can communicate with a consumer pursuant to 15 § U.S.C 1692c(a)(1). Violations thereto are documented by email captured that are in the possession of Plaintiff.

12.      On or about September 29th, 2023 at 4:19pm, Plaintiff received another email from Defendant True Accord employee Joseph Jefferson stating that it was attempting to collect a debt. This contact by Defendant is willful and negligent and is a violation pursuant to 15 § U.S.C 1692c(c). Violations thereto are documented by email captured that are in the possession of Plaintiff.

13.      On or about September 29th, 2023 at 4:22pm, Plaintiff sent communication again to Defendant True Accord via email saying, "I refuse to pay the debt". In contradiction to the aforementioned actions of Defendant True Accord, it may assert a defense of Bona Fide

3

Error, claiming that any alleged violation of the Fair Debt Collection Practices Act was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, pursuant to 15 U.S.C. § 1692k(c). However, the continual nature of Defendant's violations and its persistence in attempting to collect the alleged debt post Plaintiff's clear communication of refusal to pay, strongly suggests a willful disregard for the FDCPA, rather than a bona fide error.

## V.    FIRST CLAIM FOR RELIEF
### 15 U.S.C § 1692c(c)
### (Defendant: True Accord)

14.    Plaintiff re-alleges and incorporates by reference paragraphs 1-13 above.

15.    Defendant violated 15 U.S.C. § 1692c(c) by failing to cease collection activity after receiving written notice.

16.    Defendant caused injury in fact, by causing, among other things, mental and emotional distress, invasion of personal privacy, and other injuries and damages to Plaintiff.

17.    Defendants's conduct was negligent and/or willful.

18.    Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1). Alternatively, Plaintiff is entitled to statutory damages and other costs pursuant to 15 U.S.C. § 1692k(2)(A)(3).

19.    Alternatively, Plaintiff is entitled to statutory damages and other costs pursuant to 15 U.S.C. § 1692k(2)(A)(3).

## VI.    SECOND CLAIM FOR RELIEF
### 15 U.S.C § 1692c(a)(1)
### (Defendant: True Accord)

20.    Plaintiff re-alleges and incorporates by reference paragraphs 1-19 above.

21.    Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with the Plaintiff at a time

to be or which should be known to be an inconvenient, specifically after 9:00pm local time.

22.    As a result of Defendant's violation of 15 U.S.C. § 1692c(a)(1), Plaintiff suffered additional

distress, anxiety, and invasion of personal privacy.

23.    Alternatively, Plaintiff is entitled to statutory damages and other costs pursuant to

15 U.S.C. § 1692k(2)(A)(3).

24.    Defendants' conduct was negligent and/or willful.

25.    Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

26.    Alternatively, Plaintiff is entitled to statutory damages and other costs pursuant to

15 U.S.C. § 1692k(a)(3).

### VII.    JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff REANNA M JOHNSON respectfully requests an jury trial and requests

that judgment be entered in favor of Plaintiff and against the Defendant True Accord for:

a    Judgment for the violations occurred for violating the FDCPA.

b    Actual damages pursuant to 15 U.S.C § 1692k(a)(1).

c    Statutory damages pursuant to 15 U.S.C § 1692k(2)(A).

d    Cost pursuant to 15 U.S.C 1692k(3);

e    For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

*Reanna M. Johnson*

Dated:  October 9th, 2023

REANNA M JOHNSON

1905 Caroline Street

Apt. C

Bainbridge, GA 39819

Email: ~~classicconsumer444@gmail.com~~

*classicconsumer444@gmail.com*